Jack Stanislaw, J.
Plaintiff Bowery Savings Bank moves for leave to reargue its prior motion for summary judgment. That motion was previously denied and summary judgment granted in favor of defendants dismissing the complaint.
The nub of the prior determination was that Bowery’s acceleration of the balance of the mortgage due was premature. It had insisted then, as it does again now, that the second half of 1963-1964 real property taxes became due and payable May 10, 1964. Defendants argued in rebuttal that the proper due date was May 31,1964. The proper date is crucial because the option to accelerate was exercised June 18, 1964, timely as measured from May 10 and too soon as measured from May 31.
In contrast with the papers on the original motion, the parties now cite extensive authority for their respective positions. To the extent that such information is now before the court for the first time the instant application for leave to reargue is granted (CPLR 2221).
Unfortunately, the plaintiff’s additional arguments addressed to the precise issue in this case are individually and collectively *789 ambiguous and ineffective. Bowery exhibits one title company’s document showing the second half due date to be the 10th of May annually. Defendants offer that of another company indicating a May 31 payment (due) date. The Suffolk County Treasurer’s “Information For Taxpayers” pamphlet holds the second half to be due and payable on or before May 10. Finally, the Suffolk County Tax Act itself (L. 1920, ch. 311, as amd. by L. 1959, ch. 745) states that real property taxes are due and payable December 1, but payable until January 10 without penalty (Suffolk County Tax Act, § 13, subd. [b]). After first-half payment, no penalty attaches to second-half payment before the succeeding 31st of May. That is, the second half due on December 1 is not penalized where payment is made “ on the tenth day of May or at any time thereafter, until, but not including, the succeeding first day of June, providing the first one-half of such, tax shall have been paid or shall be paid at the same time.” (Suffolk County Tax Act, § 13, subd. [c].)
Strictly speaking, taxes are due and payable on December 1 annually. A reconciliation of the various statutory and advisory information presented here is not immediately apparent, but is both possible and logical. When the Suffolk County Tax Act (§ 13, subd. [c]) permits half payments it does so by specifying the exact final dates for such half payments. The difficulty arises, of course, in the provision for payment of the second half on May 10 “ or at any time thereafter ” until June 1. In effect, the statute seems to be saying that, with the first half paid or to be paid, the second half may be paid on that 10th day of May and until the 31st day of May. Thus, the second half is not payable before May 10. Now, the County Treasurer states that the second half will be accepted before May 10, although the act itself does not so provide. As a result, technically spealdng the second half may only be paid between May 10 and May 31, inclusive. No provision is made for second-half payment before the 10th, and payment after the 31st carries a penalty.
Any payment of second-half taxes in the 21-day period beginning May 10 would be timely. Going back to the mortgage provision pertinent to this case, plaintiff’s option to declare the balance fully payable is conditioned upon a failure to pay taxes within 30 days from the date they become due and payable. The difficulty here is that, though the option clause speaks conjunctively of a date when taxes are due and payable, the statute in effect relates to them disjunctively as due and then payable finally (without penalty).
Inasmuch as no penalty attaches to second-half payment until June 1, the mortgagor’s option should be measured as of the *790 final daté for payment (the 31st of May). This approach is logical in terms of the “ real ” due date of December 1 and the fact that, in actuality, no single statutory due date is set forth but rather a span of 21 days. That being the case, we must recognize the single, specific day called for in the mortgage to be the last day of this statutory period rather than the first as the proper option-measuring date. This line of reasoning is all the more persuasive when the penalty factor is taken into account. As noted in our earlier memorandum, it is not easy to find as “ due ” taxes which are not yet overdue.
Leave to reargue is granted, but upon further consideration the court adheres to its original determination.